**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 06-2276**

—————

JULIE RAGSDALE,

                              Plaintiff - Appellant,

        versus

JOHN POTTER, Postmaster General, United States
Postal Service,

                              Defendant - Appellee.

—————

**No. 06-2277**

—————

ADELE STRISS,

                              Plaintiff - Appellant,

            versus

JOHN E. POTTER, Postmaster General, United
States Postal Service,

                              Defendant - Appellee.

—————

Appeals from the United States District Court for the District of
South Carolina, at Anderson.  R. Bryan Harwell, Henry F. Floyd,
District Judges.  (8:05-cv-00142-RBH; 8:04-cv-22435-HFF)

—————

Submitted:  August 3, 2007          Decided:  August 16, 2007

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Julie Ragsdale, Adele Striss, Appellants Pro Se. Lora M. Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Adele Striss and Julie Ragsdale, career employees of the United States Postal Service ("USPS"), appeal the dismissal of their employment discrimination actions. Striss and Ragsdale filed separate civil complaints against the USPS, alleging they were the victims of gender and race discrimination and retaliation for protected conduct because they were denied certain details and positions. The USPS filed motions for summary judgment that stated its alleged reasons for denying Striss and Ragsdale the details and permanent positions. A magistrate judge issued a report and recommendation recommending the district court grant the motions for summary judgment. Striss and Ragsdale noted their objections to the report, and the district court adopted the magistrate judge's report and recommendation and granted summary judgment to the USPS in each case. Striss and Ragsdale timely appealed and also have filed motions for jury trial. We deny the motions for jury trial and affirm.

We review de novo a district court's grant of summary judgment. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment may only be granted when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

- 3 -

A plaintiff pursuing a claim under Title VII may either offer direct evidence of discrimination or, using indirect evidence, he may rely on the burden shifting framework that was adopted by the Supreme Court in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973).  Under the <u>McDonnell Douglas</u> standard, the plaintiff bears the initial burden of establishing a prima facie case.  <u>See</u> <u>Texas Dep't of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 253 (1981).  When a plaintiff makes a showing sufficient to support a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment action.  <u>McDonnell Douglas</u>, 411 U.S. at 802.  If the employer produces a legitimate reason for the action, the burden once again shifts to the plaintiff to show that the employer's rationale is a pretext for discrimination.  <u>Id.</u> at 804.  We conclude the district court properly granted summary judgment to the USPS in Ragsdale's and Striss's actions because each failed to present a genuine issue of material fact as to whether the USPS's reasons for its employment actions were pretext for discrimination.

We therefore deny the motions for jury trial and affirm the district court's judgments.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -